UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON J. HARRIS,

    Plaintiff,

  v.              Case No. 23-cv-1155-bhl

CAPTAIN GRIEL,

    Defendants.

## SCREENING ORDER

  Plaintiff Brandon J. Harris, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harris' motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

  Harris has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Harris has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.24. Therefore, the Court will grant Harris' motion for leave to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

  The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Harris is an inmate at the Waupun Correctional Institution. Dkt. No. 1, ¶3. Defendant Captain Greil is a supervisor on North Cell Hall. *Id*., ¶4.

Harris is a permanently deaf inmate. *Id.*, ¶8. On February 17, 2022, the Special Needs Committee at Waupun approved Harris' request for a hearing-impaired phone for a three-month timeframe. *Id.*, ¶7; *see also* Dkt. No. 1-1 at 2. At Waupun, an inmate must be housed on North Cell Hall (NCH) to have access to a hearing-impaired phone, but Harris was never actually moved to NCH, so on May 11, 2022, he contacted CMSD Berres (not a defendant) explaining that he did not have access to his (approved) hearing-impaired phone. *Id.*, ¶¶8-9, 12. Berres responded, "Please complete a DOC-2530 for your ADA request for the Captel phone. Your temporary Captel phone access is set to expire on 5/22/22." *Id.*, ¶9. On July 24, 2022, Harris again contacted Berres because he still did not have access to his hearing-impaired phone. *Id.*, ¶10. Berres responded, "let me follow up with HSU. I will hopefully have an answer in the next few days." *Id.*, ¶11. The following day, on July 25, 2022, Berres responded, "Your request to use the Captel phone was approved. You will have to work with security on using this phone. The only location at WCI we have a Captel phone is in the NCH, unless that has changed." *Id.*, ¶12.

Between February 2022 and May 2023, Harris repeatedly requested to use his approved hearing-impaired phone. *Id.*, ¶18. He states that, every time he made a request, Greil intentionally hindered his efforts by either stating that he didn't contact the correct personnel, wasn't in the correct location to use the phone, or didn't adequately prove authorization to use the phone. *Id.*, ¶¶16, 18. Harris alleges that, more than a year has passed since being approved for a hearing-impaired phone, but he still has not been able to actually use one. *Id.*, ¶13.

On May 14, 2023, Harris filed an inmate complaint about the on-going issue regarding denial of the hearing-impaired phone. *Id.*, ¶14. The Institution Complaint Examiner (ICE) affirmed the inmate complaint, concluding that Harris received a permanent restriction for a hearing-impaired phone in July 2022, and Greil should not be denying his requests to use the phone based on the temporary restriction that expired in May 2022. *Id.*, ¶¶15-16. The ICE directed Harris to contact ADA Coordinator L. Maylen (not a defendant) if he had issues accessing the

phone. *Id.*, ¶16. Harris appealed the inmate complaint through the proper channels and prevailed at every juncture. *Id.*, ¶¶18-19, &21

On May 30, 2023, Harris wrote to Maylen about the on-going issue regarding denial of the phone, and she responded, "You are & have been approved to use the Captel/TTY phone. If you are having issues when you request it, please let me know." *Id.*, ¶17. Harris wrote back to Maylen on June 5, 2023, explaining that he was still having issues with staff denying use of the phone. *Id.*, ¶20. Maylen responded, "I've reached out to a few people who are tracking it down. Please let me know at the end of the week if you haven't been able to use it." *Id*. As of July 2023, Harris still did not have access to a hearing-impaired phone, so he wrote to the warden, who simply directed him back to Greil. *Id.*, ¶22. For relief, Harris seeks monetary damages. *Id.*, ¶25.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Harris asks to proceed under the Eighth Amendment as well as under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Dkt. No. 1, ¶24. To state a claim under the Eighth Amendment, an inmate must allege that: (1) the conditions of his confinement were so adverse that they deprived him "of the minimal civilized measure of life's necessities;" and (2) the defendant acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "Deliberate indifference ... means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id*. at 773. "[T]he inmate must show that the official received

4

information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Id*.

Harris alleges that Greil knew he was permanently deaf, knew the Special Needs Committee had approved him for a hearing-impaired phone, and nevertheless consistently made excuses for why Harris could not use a hearing-impaired phone, including that he didn't contact the correct personnel, wasn't in the correct location to use the phone, or didn't adequately prove "permanent" authorization to use the phone. According to Harris, these excuses have been on-going for one than a year and has severely impacted his ability to communicate, especially with his loved ones. At this stage of the litigation, the Court can reasonably infer that Greil may have imposed cruel and unusual conditions of confinement in violation of the Eighth Amendment. Therefore, Harris may proceed with an Eighth Amendment claim against Greil in connection with the denial of a hearing-impaired phone at the Waupun Correctional Institution starting in February 2022.

To state a claim under the ADA, Harris must allege that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity; and (3) and that the denial was by reason of his disability. *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996). To state claim under the RA, Harris must allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *See Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 671-72 (7th Cir. 2012). Analysis under the ADA and RA is essentially the same except that the RA includes an additional element requiring that the entity denying access receive federal funds. *Id.* "[R]elief available to [the plaintiff] under these provisions is coextensive," and the States have waived its immunity from suits for damages under the RA as a condition of its receipt of federal funds, thus Court need not resolve the "thorny question of sovereign immunity" at the screening stage. *Id.* at 671-72 & n.5; *see also Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) ("For

5

Case 2:23-cv-01155-BHL   Filed 11/13/23   Page 5 of 8   Document 7

the Rehabilitation Act to apply, the relevant state agency (here the corrections department) must accept federal funds, which all states do."). But neither the ADA nor the RA applies to individuals in their personal capacity, and the proper defendant under the ADA and the RA is the Wisconsin Department of Corrections or an individual in his or her official capacity. *See Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (overruled on other grounds) (noting that the rules of the ADA and RA are directed to "employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations.")

Harris alleges that he is permanently deaf, was denied use of a phone at the institution, and that the denial was by reason of his disability because various excuses have been made to prevent or hinder use of available accommodations. Harris attempted to contact the warden to resolve the issue, but the warden re-directed him to Griel. Based on these allegations, the Court can reasonably infer that Griel, in his official capacity, has the authority to resolve issues arising under the ADA/RA. Therefore, Harris may also proceed with an ADA/RA claim against Griel in his official capacity in connection with the denial of a hearing-impaired phone at the Waupun Correctional Institution starting in February 2022.

## Conclusion

The Court finds that Harris may proceed against Griel under the Eighth Amendment, the ADA, and the RA in connection with the denial of a hearing-impaired phone at the Waupun Correctional Institution starting in February 2022.

**IT IS THEREFORE ORDERED** that Harris' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Harris' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Griel.

6

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Griel shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the **$330.76** balance of the filing fee by collecting monthly payments from Harris' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harris is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harris' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harris is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge